UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADAM BARRAS

CIVIL ACTION

VERSUS

NO. 11-155-JJB-DLD

STATE OF LOUISIANA, ET AL.

## **RULING ON DEFENDANTS' MOTION TO DISMISS**

Defendants Rader and Geter filed this Motion to Dismiss all federal claims against them. (Doc. 24). Plaintiff filed an opposition. (Doc. 27). There is no need for oral argument. The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. For the reasons given below, Defendants' motion is GRANTED in part and DENIED in part.

## **FACTUAL BACKGROUND**

On March 15, 2011, Plaintiff filed a complaint (doc. 1) arising from the death of his late father, Edward T. Barras ("the late Barras"), an inmate at Dixon Correctional Institute ("DCI"). The late Barras' death was the result of an accident that occurred while he was doing electrical work on a generator at the prison. Plaintiff brought claims under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments as well as state law claims. Previously, the State of Louisiana, through the Department of Public Safety and Corrections, was dismissed as a defendant. (Doc.17). The remaining defendants, the warden of DCI and the supervisor under whom the late Barras was working and who are

sued in their official capacity and their personal capacity, now seek to have all federal claims dismissed under Rule 12(b)(6).

## **DISCUSSION**

Pursuant to Fed. Rule Civ. Pro. 12(b)(6), on a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true. *Ashcroft v. Iqbal*, _ U.S. _, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557. When well-pleaded factual allegations populate the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.

Defendants assert first, and Plaintiff acknowledges, that Rader and Geter may not be sued for money damages in their official capacity. Therefore, the federal claims against Rader and Geter in their official capacity are DISMISSED.

Defendants also assert Plaintiff has pleaded no facts to support a Fourteenth Amendment due process violation. (Doc. 24-1 at 13). Plaintiff does not dispute this in his Opposition. The Court finds there are no facts to support a Fourteenth Amendment claim and that this claim is DISMISSED.

And while Defendants are correct that there are not many facts pleaded at all in the Complaint, the Court finds that they are sufficient to state a plausible claim for an Eighth Amendment violation. The well-pleaded facts in paragraphs 5-7 of the complaint, treated as true for the purposes of this motion, make out an Eighth Amendment violation. According to the Complaint, Rader and Geter ordered the late Barras to perform electrical work on a generator. They did this after he had specifically requested other work duties because he feared performing electrical work without proper supervision and training. Further, Rader and Geter were aware of the dangerous conditions when they made this order. If proven, this would amount to deliberate indifference to the late Barras' clearly established Eighth Amendment right against cruel and unusual punishment and bring personal liability for the defendants. The fact that Plaintiff includes nameless "other officials" to this allegation does not mean he has not included particularized facts, as Defendants assert, it simply means he is limiting his suit to the named Defendants' actions. If the Defendants did not make the orders, they will have an opportunity to show that. In the meantime, the Court finds the facts pleaded, when presumed to be true, make out a plausible claim for an Eighth Amendment claim under 28 U.S.C. § 1983.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 24) is GRANTED in part in that Plaintiff's claims against Defendants Rader and Geter in their official capacity are DISMISSED. Further, Plaintiff's claims under the Fourteenth

3

Amendment are DISMISSED. Defendants' Motion to Dismiss is DENIED in that the Complaint states an Eighth Amendment claim under which relief can be granted.

Signed in Baton Rouge, Louisiana, September 26, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**